**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TRUSTEES OF THE U.A. LOCAL 38 DEFINED BENEFIT PENSION PLAN,

Plaintiff-Appellant,

v.

TRUSTEES OF THE PLUMBERS AND PIPE FITTERS NATIONAL PENSION FUND,

Defendant-Appellee.

No.   16-15228

D.C. No. 4:15-cv-04703-YGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted December 13, 2016[**]
San Francisco, California

Before:  O'SCANNLAIN, GOULD, and M. SMITH, Circuit Judges.

Trustees of the U.A. Local 38 Defined Benefit Pension Plan ("Local 38")

appeal the district court's denial of its motion to vacate the arbitrator's award and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the district court's confirmation of the arbitration awards. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The parties proceeded to arbitration after the arbitrator found that the preconditions to arbitration had been met. The parties stipulated that if the arbitrator found liability, and the parties could not agree on the amount due, the arbitrator "would retain jurisdiction" to decide the amount due. This stipulation controls, and the arbitrator did not exceed his authority by determining that Pension Protection Act (PPA) contributions were part of the amount Local 38 owed.

The arbitrator did not manifestly disregard the law by determining that PPA contributions were part of "Employer Contributions" that must be remitted under the terms of the United Association Pension Fund Reciprocal Agreement. There is no "well defined, explicit, and clearly applicable" law that bars PPA contributions from being reciprocated. *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 880 (9th Cir. 2007) (emphasis removed) (quoting *Carter v. Health Net of Cal., Inc.*, 374 F.3d 830, 838 (9th Cir. 2004)). The arbitrator could not, therefore, have manifestly disregarded the law. *See id.* at 879–80.

**AFFIRMED.**